**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **Jamalud-Din Almahdi**, | : |
| Petitioner, *pro se*, | : |
| v. | :    OPINION |
| **United States of America**, | :    Civ. Action No. 02-2278 (WHW) |
| Respondent. | :    Crim. Action No. 00-136 (HAA) |

**Walls, District Judge**

On June 2, 2006 Petitioner *pro se* Jamalud-din Almahdi filed a motion pursuant to Fed. R. Civ. P. 60(b).  This motion ostensibly asks this Court to reconsider its 2004 denial of his earlier petition for habeas relief.  Actually, Mr. Almahdi asks the Court to revisit his 2001 sentencing proceeding on charges of credit card fraud.  Because Mr. Almahdi cannot obtain relief for a final criminal conviction pursuant to Rule 60(b), his motion is denied.  The Court will not consider the merits of Mr. Almahdi's motion if it were filed properly--as a collateral, habeas corpus proceeding--because Mr. Almahdi has not obtained the leave of the Court of Appeals to file a successive habeas petition, as is required under 28 U.S.C. § 2255 and per the Court of Appeals' denial of certification for Mr. Almahdi's original habeas appeal.

<u>NOT FOR PUBLICATION</u>

I. **Facts and Procedural Background**

    **A. Background**

On March 9, 2000, a federal grand jury in Newark, New Jersey indicted Mr. Almahdi for possessing numerous counterfeit and unauthorized credit cards in violation of 18 U.S.C. § 1029 (a)(3) and (2). The indictment charged that in September 1999 police had found credit cards, counterfeiting materials, materials for creating false identifications, and other forgery supplies in a hotel room in Fort Lee, New Jersey. Fingerprints discovered on the evidence were determined to belong to Mr. Almahdi. On March 30, 2000, Mr. Almahdi was arrested in North Bergen, New Jersey.

On October 2, 2000, Mr. Almahdi pled guilty pursuant to a plea agreement with the United States Attorney's Office. The plea agreement conveyed that ultimate sentencing discretion lay with the sentencing judge, and that the government could not bind the sentencing judge to its factual findings or stipulations. Nevertheless, Mr. Almahdi and the United States Attorney's Office did preliminarily stipulate facts that placed the offense level at 14 under the sentencing guidelines. At sentencing in April 2001, the District Court found that Mr. Almahdi's significant role in the crime required an additional increase of the level of four, making the base level 18. Because of Mr. Almahdi's significant criminal history he was given a criminal history category of III. The District Court determined that the sentencing range for an offense with a base level of 18 committed by person with a criminal history of III was 33 to 41 months. The District Court sentenced Mr. Almahdi to 41 months and fined Petitioner $25,000. Because Mr. Almahdi was arrested in possession of $3,000, that amount was applied to the $25,000 fine.

**NOT FOR PUBLICATION**

Petitioner never directly appealed his sentence. Instead, he filed a motion under Fed. R. Civ. P. 41(e) for the return of $3,000 the District Court had applied to the fine. On June 27, 2002, the District Court denied the motion. On July 17, 2002, Petitioner appealed that decision to the Court of Appeals for the Third Circuit, which affirmed the District Court's decision on March 4, 2003.

On May 6, 2002, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. 2255, contesting certain sentencing enhancements and alleging ineffective assistance of counsel. On July 30, 2003, this Court denied Mr. Almahdi's petition as to the sentencing enhancements because he had neither exhausted his appellate remedies as required by 28 U.S.C. 2255, nor had he demonstrated that his procedural default should have been excused pursuant to United States v. Frady, 456 U.S. 152, 168 (1982). The Court also found that Mr. Almahdi's ineffective assistance of counsel claims lacked merit. On February 7, 2004 the Court of Appeals for the Third Circuit denied Mr. Almahdi's request for a certificate of appealability pursuant to 28 U.S.C. 2253(c)(2), agreeing with the rationale of this Court. The Court of Appeals also held that "the dismissal of appellant's section 2255 motion is *with prejudice* to the extent of any second or successive section 2255 motion appellant might wish to file in connection" with his "April 2001 conviction." Almahdi v. United States, No. 03-3483 (3d. Cir. Feb. 27, 2004) (italics in original).

On August 19, 2004 Petitioner filed a letter motion before this Court, contesting his sentencing under Schriro v. Summerlin, 542 U.S. 348 (2004) and Blakely v. Washington, 542 U.S. 296 (2004). This Court denied that motion on November 3, 2004. Since Mr. Almahdi's motion was unclear as to its procedural basis, this Court determined that the motion was filed

**NOT FOR PUBLICATION**

pursuant to a provision of Fed. R. Civ. P. 60(b) that requires a petitioner to file a motion for reconsideration within one year of the contested decision.  Finding that Mr. Almahdi's motion had been filed outside the statutory time period, this Court denied the motion as time-barred.  This Court also found that Mr. Almahdi's motion suffered from another procedural flaw: he was using Rule 60(b) to challenge his original criminal conviction, not the denial of his subsequent habeas claim.  This Court then considered Mr. Almahdi's motion as if it had been properly brought as a 28 U.S.C. 2255 collateral attack on his original conviction.  Since Mr. Almahdi had not sought or obtained permission from the Court of Appeals to file a successive habeas petition, this Court denied the motion.

### B. The Present Motion

On June 2, 2006 Mr. Almahdi filed the present Rule 60(b) motion before the Court.  Mr. Almahdi claims that the government prosecutor's actions related to the original sentencing proceeding in 2001 constituted fraud upon the court.  Fraud upon on the court falls within the 28 U.S.C. 60(b)(6) saving clause, which has no time-bar.  Mr. Almahdi supports his allegation of fraud upon the court by two assertions.

First, he claims that the presentencing report presented to the District Court was a "glaring misrepresentation."  (Pl.'s Mot. at 5.)  According to Mr. Almahdi, the presentencing report states that he used the *same* credit cards police seized in September 1999 to charge considerable sums of money in January through March 2000.  This is literally impossible, and therefore the report constituted fraud upon the court because "officers of the court intentionally manufacture[d] and misrepresented information."  Id. at 2.

**NOT FOR PUBLICATION**

Second, Mr. Almahdi claims that the government misrepresented to the District Court that he was "the mastermind of a large credit card ring." Id. at 6. Mr. Almahdi does not explain in his motion why he believes the government's assertions as to his lead role in the credit card ring were false or fraudulent.

## II. Discussion

Mr. Almahdi correctly notes that Rule 60(b) motions alleging fraud upon the court do not succumb to the same one year limitation period as applies to other claims under that rule. Nevertheless, Mr. Almahdi's new filing suffers from the same procedural defect identified by this Court in its November 3, 2004 opinion. Mr. Almahdi persists in using Rule 60(b) to challenge his original criminal conviction. Under Third Circuit precedent, "there is no general right, other than on collateral attack, to challenge a conviction or indictment after the defendant pleads guilty." United States v. Miller, 197 F.3d 644, 648-49 (3d Cir. 1999). See also, Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993) (noting that it is "clear that if a prisoner challenges 'the fact or length of confinement,' then his sole federal remedy is a writ of habeas corpus, 28 U.S.C. §§ 2254, 2255.")

Mr. Almahdi styles his motion as a Rule 60(b) motion for reconsideration of the Court's denial of his first section 2255 petition. Yet he does not ask the Court to revisit its denial of that habeas petition.[1] The Court denied Mr. Almahdi's original habeas claim because he had not

---

[1] Mr. Almahdi appears to argue that the government's actions during the 2001 sentencing amounted to fraud upon this Court during the 2003 habeas proceeding, because it prevented the Court from considering the merits of the habeas petition. (Pl.'s Mot. at 4.) Mr. Almahdi's reasoning ignores that fraud he alleges was unrelated to the result of the habeas proceeding.

**NOT FOR PUBLICATION**

exhausted his appellate remedies.  Mr. Almahdi's present motion alleges fraud during sentencing. To challenge fraud during the sentencing proceeding Mr. Almahdi must file a section 2255 habeas petition.  See Gonzalez v. Crosby,  125 S.Ct. 2641, 2648 (2005).

Furthermore, under Third Circuit precedent a motion for reconsideration of a section 2255 petition's denial is properly construed as an unauthorized successive habeas petition. See United States v. Edwards, 309 F.3d 110, 113 (3d Cir. 2002).

If this Court tried to save Mr. Almahdi's present motion by construing it as a section 2255 petition, it still must deny his motion on procedural grounds.  Mr. Almahdi has not sought nor obtained certification from the Third Circuit to file a successive habeas petition, as is required by 28 U.S.C. § 2255 and the February 2004 Court of Appeals decision.

Even on the merits, Mr. Almahdi's allegations as to the government's alleged misrepresentations during the course of the sentencing proceedings, Mr. Almahdi's accusations do not rise to a level characterizable as fraud upon the court.  The Third Circuit recently articulated the "demanding standard" to demonstrate "fraud upon the court" in Herring v. United States:

> In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court.  We further conclude that a determination of fraud on the court may be justified only by "the most egregious misconduct directed to the court itself," and that it "must be supported by clear, unequivocal and convincing evidence."

424 F.3d 384, 386 -387 (3d Cir. 2005).  In this case, there is no indication of any intentional fraud in the presentencing report towards which Mr. Almahdi points.  While Mr. Almahdi reads the presentencing report as claiming that he used the same credit cards seized in September 1999

**NOT FOR PUBLICATION**

in his January to March 2000 activities, the report itself makes no such claim.  (Pl.'s Mot. Ex. 1 ¶¶ 11, 25-27.)  Mr. Almahdi does not provide, nor can this Court discern from the transcripts of the sentencing and plea proceedings, any evidence that the District Court was deceived by the report in any manner.  (Gov't Resp. Attachs. A, B.)  Moreover, the transcripts of the sentencing and guilty plea clearly shows that Mr. Almahdi and his attorney reviewed the factual findings of the report, (Gov't Resp. Attach. A 2:16-22.), and that Mr. Almahdi acknowledged to the District Court his role in the credit card scheme and the monetary value of his fraud.  (Gov't Resp. Attach. B 18:17-20:16.)

**III. Conclusion**

Because it is procedurally defective, the Court denies Petitioner's Fed. R. Civ. P. 60(b) motion for reconsideration.  The Court will not construe Petitioner's Rule 60(b) motion as a valid 28 U.S.C. § 2255 habeas petition, because Petitioner has not been certified by the Court of Appeals for the Third Circuit to file a successive habeas petition.

It is on this 18th day of December 2006,

ORDERED that the Peititioner's motion for reconsideration hereby be and is DENIED.

s/ William H. Walls
**United States Senior District Judge**